## 9730

### STATE v. TURNAGE.

(93 S. E. 182.)

1. CRIMINAL LAW — INSTRUCTIONS — PROVINCE OF JURY — "FLIGHT" — "LEAVING A COMMUNITY."—In a murder case, "leaving a community" and "flight" are not synonymous words, since "flight" is the evading of the course of justice, by a man voluntarily withdrawing himself, and where a defendant left the community after a crime, but denies that he was evading arrest, flight or evasion of arrest is a question for the jury; hence it was error to charge that an inference might be drawn against the defendant from the fact that he left the community.

2. WITNESSES—IMPEACHMENT—HOSTILE ATTITUDE.—In a murder case, the Court properly refused to allow one of the witnesses to answer the question, "Going back a little bit, didn't your brother get in a shooting scrape several years ago?" as it did not suggest its alleged purpose to show the hostile attitude of the witness.

Before PRINCE, J., Sumter, October, 1916. Reversed.

Albert Turnage was convicted of murder and he appeals.

*Messrs. Geo. D. Shore, Jr.,* and *Marion W. Seabrook,* for appellant. *Mr. Seabrook* cites: *Charge as to explanation of flight was on the facts:* 12 Cyc. 379, 380, 395, 610; 81 Mass. (15 Gray) 197; 65 S. W. 89; 43 Tex. Cr. Rep. 273; 121 Mo. 137; 25 S. W. 895; 88 S. E. 197; 54 Cal. 151; 32 S. E. 851; 106 Ga. 673; 44 S. W. 272; 142 Mo. 478; 162 U. S. 499; 164 U. S. 627. *Conduct of cross-examination:* 40 Cyc. 2662; 134 Ala. 157; 32 So. 717; 78 S. E. 1115; 12 Ga. App. 855; 85 S. E. 498; 73 S. C. 386.

*Mr. Solicitor Stoll,* for respondent.

July 5, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was convicted of the murder of Eugene Rainey, a negro hack driver. The dead body of Rainey

was found in the woods near the city of Sumter, and showed
evidence of death from a blow on the head. The automo-
bile, which had been in charge of the deceased, was found
not far from Bennettsville. The automobile was driven
from Sumter to Bennettsville, the morning after the killing,
by the appellant. The appellant admits that he drove the
car from Sumter to Bennettsville, but stated that one Peter
Andrews had offered to take him to Bennettsville in his car,
but had come to him a little later and asked appellant to
drive the car, and he (Andrews) would go on the train; that
he was offered work in or near Bennettsville, and had gone
there, where some members of his family lived, to get the
work.

1. The first exception is: "His Honor erred in charging
the jury as follows: 'I charge you that, if the explanation of
the flight be reasonable, then allow it full force. If it is not
reasonable, you need not apply it at all. That it was
flight, if there was flight, the State must prove. But
if you are satisfied that flight has been proven, and
are satisfied beyond a reasonable doubt, then, if the defend-
and has made any explanation, you consider whether or not
this explanation is reasonable. If it commends itself to you
as true, why then that does away with the inference to be
drawn against him by reason of the flight, or by reason of
the fact that he left the community, if his explanation is both
reasonable and true, and if you cannot say beyond a reason-
able doubt. If it is unreasonable, untrue, why then discard
that phase of the case. That is to say, gentlemen, consider
flight as a circumstance against the defendant.' "

There are five allegations of error in this charge. One
good reason for sustaining this exception is enough:

"If it commends itself to you as true, why then that does
away with the inference to be drawn against him by reason
of the flight, or by reason of the fact that he left the com-
munity."

"Leaving a community" and "flight" are not synonymous terms.    Bouvier, Law Dictionary:

"Flight.    In Criminal Law.    The evading the course of justice, by a man's voluntarily withdrawing himself.    4 Bl. Com. 387."

The appellant admitted that he left Sumter, the place of the crime, the morning after the crime.    He denied that he was evading arrest.    Every one who leaves a community, after a crime has been committed therein, is not to be held to trial and required to prove a reasonable and true reason for going, on pain of conviction for the crime.    Flight or evasion of arrest is a circumstance to go to the jury, and that is far enough to go.    See *Alberty* v. *U. S.,* 162 U. S. 499, 16 Sup. Ct. 864, 40 L. Ed. 1051.

2. The appellant complains that the trial Judge refused to to allow one of the witnesses to answer this question: "Going back a little bit, didn't your brother get in a shooting scrape several years ago?"

The apppellant wanted to show the hostile attitude of the witness.    The question did not suggest that result, and the answer was properly excluded.    This exception is overruled.

These two exceptions are the only ones argued, and the others are deemed abandoned.

The judgment is reversed and a new trial ordered.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the opinion of the Court.

MR. JUSTICE HYDRICK, *dissenting.*    I am constrained to dissent.    The criticism of the instruction complained of in the first exception is too technical.    Of course, "leaving a community" is not always flight; but sometimes it is.    One who flees certainly leaves the community.    Whether the leaving is flight, or is susceptible of an inference that it is, depends upon the circumstances.    No juror possessed of ordinary common sense need be told that merely leaving a community, immediately after a crime has been committed

therein, is not evidence of guilt, or of flight, in the absence of other circumstances pointing to him who leaves as the criminal.

But, clearly, defendant's leaving the community, under the circumstances of this case, warranted the inference that it was flight. Not only so, but he testified that he left, and went to Bennettsville, and also that, when he heard in Bennettsville, a few days later, that the crime had been discovered and he was suspected, he fled to North Carolina to evade arrest, and actually evaded arrest for two weeks before he was arrested, at Aberdeen, in that State, 30 miles from Bennettsville. As defendant admitted leaving the community, and also his subsequent flight, there was no error in associating them, as the Court did in its instruction, for they were admitted facts in the case.

The instruction was really more favorable to defendant than he was entitled to, for, notwithstanding his flight was an admitted fact, the Court left it to the jury to say whether the State had proved flight, telling them, not only that the State must prove that there was flight, but they must be satisfied of it beyond a reasonable doubt, before they could consider it as a circumstance against defendant. Besides, the jury had been repeatedly instructed to give defendant the benefit of every reasonable doubt on every phase of the case, and on the whole case. In view of the admitted facts, it is inconceivable that the instruction could have been prejudicial, even if it had been erroneous. Nor was it objectionable on any of the other grounds alleged.

As appellant's life is at stake, the entire record has been carefully scrutinized; even the exceptions that were not argued have been considered; but, finding no error, and being satisfied that appellant has had a fair and impartial trial, and that his conviction is amply supported by the evidence, I think the judgment of the Circuit Court should be affirmed.

MR. JUSTICE GAGE concurs in the dissenting opinion.